Per Curiam.

It is conceded by all parties that the following portion of the reciprocity agreement between Ohio and Indiana controls the decision in this case:
“Both states during the term of this agreement and subject to carriers procurements of reciprocity exemption will permit motor carriers of the other state, as qualified and included in the definition ‘motor carrier’ as contained in paragraph I hereof, to travel and operate in interstate commerce upon their several public streets and highways without necessity for payment of such fees and taxes for which waiver provision is herein made. Said exemption shall apply to equipment actually permitted and certificated and used by any carrier otherwise entitled to the benefits of this agreement, including all equipment which is owned and titled by such carrier and also including such further equipment which may be owned and *347 titled in carrier’s home state by another owner and is operated by the carrier under lease or contract from such owner.” (Emphasis added.)
Appellant contends that the instances which are given after the word, “including,” in the emphasized portion of the paragraph above are merely illustrative and enlarging and are in no sense restrictive and exclusive.
We do not agree with appellant’s interpretation. The provision immediately preceding the emphasized portion of the above-quoted paragraph sets out to what the exemption shall apply. Then follow as “examples” the two most obvious types of equipment to which that exemption could extend — that which is owned and titled by the carrier and that which is owned and titled in the carrier’s home state and used by the carrier although owned by another. In our opinion, the signatories of the agreement would not have taken the pains to list such obvious “examples” unless they intended that those were all they meant to exempt.
This being the interpretation given the agreement by the Board of Tax Appeals, we find that the decision of the board is both lawful and reasonable, and it is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck;, JJ., concur.